

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00400-CR
_____

FELIX RIVERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 391st District Court
Tom Green County, Texas
Trial Court No. D-12-0821-SB, Honorable Thomas J. Gossett, Presiding

December 4, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Felix Rivera, attempts to appeal the trial court's order revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of aggravated sexual assault of a child,[1] and sentencing him to twenty years' imprisonment. Because appellant's notice of appeal was filed untimely, we dismiss for want of jurisdiction.

---

[1] Tex. Penal Code Ann. § 22.021(a)(2)(B) (West Supp. 2015).

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed.  TEX. R. APP. P. 26.2(a).  Appellant was sentenced in open court on July 1, 2015, and timely filed a motion for new trial.  Therefore, his notice of appeal was due on September 29, 2015.  However, appellant did not file a notice of appeal until October 2, 2015, and his notice of appeal was not accompanied by a motion for extension of time to file a notice of appeal.  See TEX. R. APP. P. 26.3.  By letter dated October 30, 2015, this Court notified appellant that his notice of appeal appeared to have been filed untimely and directed him to show, by November 23, 2015, why the Court has jurisdiction.  Appellant did not respond to the Court.

Because appellant's notice of appeal was filed untimely, this Court is without jurisdiction over this appeal.  See Castillo v. State, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  As such, we have no authority to take any action other than to dismiss the appeal.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo, 918 S.W.2d at 523.

Accordingly, we now dismiss the purported appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).